IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**GEORGE M. DAVIS, JR.,**

      **Petitioner,**

**vs.**                                                    **4:03cv250-SPM/AK**


**JAMES V. CROSBY, JR.,**

      **Respondent.**

_____/


## REPORT AND RECOMMENDATION


Petitioner, an inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Respondent has filed a response, Doc. 8, and Petitioner has filed his reply.  Doc. 10.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court respectfully recommends that habeas relief be denied.

## BACKGROUND

On April 6, 2000, a jury convicted Petitioner of the first degree murder of his wife, and the court sentenced him to life imprisonment.  Doc. 8, Ex. B.  Petitioner appealed the conviction arguing that the court had erred in denying his motion for judgment of acquittal "because the state's circumstantial evidence case was legally insufficient to

establish premeditation." Doc. 8, Ex. C at 20. The court of appeal affirmed without

opinion. Doc. 8, Ex. E. Petitioner then filed a Rule 3.850 motion for post-conviction

relief, raising two grounds of ineffective assistance of counsel. Doc. 8, Ex. F at 1-32.

In his first claim of ineffectiveness, Petitioner argued that his attorney failed to

pursue a viable insanity defense and that he failed to call witnesses who would have

corroborated the defense. *Id.* at 6. In his second claim, Petitioner maintained that

counsel was ineffective "for admitting to the jury in opening arguments and closing

arguments that [Petitioner] shot and killed his wife." *Id.* at 7.

Citing *Strickland v. Washington*, the court denied both claims on their merits.

*Id.* at 67-132. As to the first claim, the court found that Petitioner had "fail[ed] to

make a facially sufficient claim of prejudice...." *Id.* at 68. More specifically, the court

stated:

> The record shows that very early in [Petitioner's] case, [Petitioner] <u>was</u>
> evaluated regarding insanity at the time of the offense. An
> Order...indicates that Harry A. McClaren, Ph.D., was appointed as a
> confidential defense expert to examine [Petitioner] to determine "(1)
> Whether [Petitioner] was insane at the time of the alleged offense, (2)
> Whether he is suffering from a major mental illness and lacks sufficient
> capacity to seek help on his own behalf, [and] (3) Whether [Petitioner]
> is competent to proceed and aid defense counsel." This expert was
> appointed...prior to the point at which...trial counsel took over the case.
> Dr. McClaren's billing statement...indicates the extensive nature of Dr.
> McClaren's examination of [Petitioner] and his mental history records.
>
> Dr. McClaren submitted his Confidential Forensic Psychological
> Evaluation report. Dr. McClaren did not report that he found any
> likelihood that [Petitioner] was insane at the time of the offense, but
> rather recommended that [Petitioner] be assessed regarding his
> competency to proceed, as Dr. McClaren felt he was "currently
> operating near the mid-point of the mild range of mental retardation...."
>
> Defendant was then evaluated by Gregory A. Prichard, Psy.D., who
> found that [Petitioner] does not meet the criteria for mental retardation,

and as a result, Dr. Prichard did not proceed to the issue of competency....Dr. Prichard noted that [Petitioner] had "no history of a major psychiatric disorder, and no evidence would suggest [Petitioner] suffers from a mental disorder at this time." Dr. Prichard also observed that [Petitioner] "appeared to be intentionally attempting to perform beneath his capacity" and "was making an effort to appear less knowledgeable than he actually is."

Although [Petitioner] alleges insanity was a viable defense, he does not provide factual support for this claim. On the contrary, the fact that [Petitioner] was evaluated early on to determine insanity at the time of the offense, and was not found to be insane at the time of the offense, demonstrates that insanity was not a viable defense. Further, this Court would note that the defense of insanity is not usually successful. The findings set forth in the psychiatric evaluation reports prepared by Drs. McClaren and Prichard indicating [Petitioner's] mental history and status refute [Petitioner's] allegations in Ground 1 as well. Trial counsel had no basis upon which to inquire into the area of [Petitioner's] mental condition. [Petitioner] fails to show representation by trial counsel below a reasonable standard that affected the outcome of the proceeding....

*Id.* at 68-70 (emphasis in original) (citations omitted).

As to the second claim, the court found:

In Ground 2, [Petitioner] alleges that trial counsel was ineffective because counsel conceded [Petitioner's] guilt during opening and closing arguments without discussing this strategy with [Petitioner]. This claim is also facially insufficient. A review of the trial transcript reveals that trial counsel did not concede [Petitioner's] guilt in either opening or closing arguments. The statement made by counsel during his opening argument which [Petitioner] in his Motion contends conceded guilt does no such thing. Counsel stated, "Thoughtful reflection. That's what [Petitioner] is charged with doing before he shot and killed his wife, Marilyn." This is merely a repetition of the charge against [Petitioner], not a concession of guilt.

* * *

Additionally, [Petitioner] himself conceded his own guilt several times during his own trial testimony. In his description of the night of the offense, he described getting the gun from his car, putting it in the back of his pants, walking around to his wife's location, and bringing the gun out in his wife's presence. He then proceeded to describe the altercation with his wife during which the gun went off several times.

> [Petitioner] even outright admitted to shooting his wife when the
> Assistant State Attorney asked him, "You shot your wife?" and
> [Petitioner] replied, "Yes, sir." [Petitioner] also stated that his wife was
> shot during his struggle with her and said the bullets that killed his
> wife came from the gun he was holding that night.  Accordingly,
> because [Petitioner] fails to sufficiently allege ineffectiveness of
> counsel, much less prejudice, in Ground 2, it is facially insufficient....

*Id.* at 70-71 (citations omitted).

Petitioner appealed this ruling, and the court of appeal affirmed.  Doc. 8, Ex.

G.  The instant petition followed.  On this occasion, Petitioner first attacks the trial

court's failure to grant his motion for judgment of acquittal "because the State's

circumstantial evidence case was insufficient to establish premeditation in violation

of the 6th Amendment of the U.S. Constitution."  Doc. 1 at 5.  Petitioner's second

and third claims raise the same ineffective assistance of counsel grounds which

were raised in the state court post-conviction motion.  Respondent concedes that

the petition is timely and maintains that all claims have been exhausted.

## <u>DISCUSSION</u>

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if

the state court adjudication

> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant

the writ if the state court arrives at a conclusion opposite to that reached by [the

Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.  A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id.* at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 412.

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Finally, the fact that the state court did not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision.  *Wright v. Secretary for Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).  Under § 2254, the Court is to focus on the result of the state

proceeding, not the reasoning underlying it, since all that is required for a state-court

adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id.*

at 1254-55.

I.      Insufficiency of evidence.

        In this ground, Petitioner charges that the state court erred in denying his motion

for judgment of acquittal because the State failed to prove premeditation beyond a

reasonable doubt.  This claim was raised on Petitioner's direct appeal as follows:

> The trial court erred in denying the defense motion for judgment of
> acquittal because the state's circumstantial evidence case was legally
> insufficient to establish premeditation.  Although premeditation may be
> established by circumstantial evidence, such evidence must be
> inconsistent with any reasonable hypothesis of innocence.  Here, the
> evidence indicated [Petitioner] was in a highly emotional state as a result
> of marital difficulties, the event with the locksmith was unexpected, the
> witnesses did not contradict [Petitioner's] account of what happened
> behind the locksmith's truck, and the state witnesses did not contradict
> [Petitioner's] testimony that he did not plan to kill his wife.  The evidence
> thus was not inconsistent with a lack of premeditation and was therefore
> insufficient to establish premeditation.

Doc. 8, Ex. C at 20.  At no time was the claim framed as a violation of the United States

Constitution.

        Though the issue was not framed in state court as a denial of due process, the

basic issues in both proceedings are the same, since

> an essential of the due process guaranteed by the Fourteenth Amendment
> [is] that no person shall be made to suffer the onus of a criminal conviction
> except upon sufficient proof–defined as evidence necessary to convince a
> trier of fact beyond a reasonable doubt of the existence of every element
> of the offense.

*Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  Thus, the question for this Court is

whether the state court adjudication "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States...."  28 U.S.C. § 2254(d)(1).

In this situation, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson*, 443 U.S. at 319, or phrased slightly differently, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."  *Id.* at 320.

The Court has reviewed the trial transcript, and the record fully supports the jury's conclusion that Petitioner premeditated the killing of his wife.  As defined in the jury instructions, a premeditated killing under Florida law is

> killing after consciously deciding to do so.  The decision must be present in the mind at the time of the killing.  The law does not fix the exact period of time that must pass between the...formation of the premeditated intent to kill and the killing.  The period of time must be long enough to allow for reflection by the defendant.
>
> The premeditated intent to kill must be formed before the killing.  The question of premeditation is a question of fact to be determined by you from the evidence.  It will be sufficient proof of premeditation if the circumstances convince you beyond a reasonable doubt of the existence of premeditation at the time of the killing.

Doc. 8, Ex. C at 334.

The evidence at trial, taken in the light most favorable to the prosecution, was

> (1) that Petitioner and his wife were having marital difficulties and that on the day of the shooting, Petitioner's father-in-law had told Petitioner and his daughter that "if ya'll can't get along, one needs to leave or ya'll need to separate," Doc. 8, Ex. C at 37;
>
> (2) that after seeing a locksmith on the marital property and after forbidding the locksmith to make keys for a car, Petitioner briefly left, retrieved his gun from his car, and concealed it in the back of his pants before returning to the scene; and

(3) that when he returned, he repeatedly fired the gun, saying "'what I told you, Mel; what I told you, Mel.'"

*Id.* at 56.  Furthermore, the evidence showed that Petitioner's wife did not have a weapon on her or otherwise physically attack him before the shooting.  In addition, the State offered evidence from a firearms expert, witnesses at the scene, and a pathologist who negated Petitioner's defenses that the gun accidentally discharged and that Petitioner was aiming at the sky and at the tires on the vehicle, rather than his wife, when the gun was discharged.  When considered under the *Jackson* standards, this is more than sufficient evidence to support the jury's determination that the State proved beyond a reasonable doubt that Petitioner killed the decedent after consciously deciding to do so.  Thus, Ground One is without merit.

II.  Ineffective assistance of counsel.

In this case, Petitioner has raised two claims of ineffective assistance of counsel which were plainly and thoroughly adjudicated on their merits in state court.  Thus, the question for this Court is whether the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  That task involves a consideration of *Strickland v. Washington*, 466 U.S. 668 (1984).

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.

*Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to

carry his burden of proof on either the performance or the prejudice prong.  *Id.* at 697.

The court need not address the adequacy of counsel's performance when a defendant

fails to make a sufficient showing of prejudice.  *Id.; see also Tafero v. Wainright*, 796

F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide

factual support for his contentions that counsel's performance was constitutionally

deficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  The court must

consider counsel's performance in light of all of the circumstances at that time and

indulge in a strong presumption that counsel's conduct fell within the wide range of

reasonably professional assistance.  *Strickland*, 466 U.S. at 689-90.  To show counsel's

performance was unreasonable, a defendant must establish that "no competent counsel

would have taken the action that his counsel did take."  *Grayson v. Thompson*, 257 F.3d

1194, 1216 (11th Cir. 2001) (emphasis omitted).  "An ambiguous or silent record is not

sufficient to disprove the strong and continuing presumption...that [counsel] did what he

should have done and that he exercised reasonable professional judgment."  *Chandler*

*v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531

U.S. 1204 (2001).

To show prejudice, a defendant must show more than simply that counsel's

unreasonable conduct might have had "some conceivable effect on the outcome of the

proceeding."  *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a

"reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  *Id.* at 694.  A "reasonable probability is defined

as a probability sufficient to undermine confidence in the outcome." *Id.* Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

Having carefully considered the matter, the Court finds that the state court's ruling on Petitioner's ineffective assistance of counsel claims was not contrary to or did not involve an unreasonable application of clearly established Supreme Court law, and the state court did not base its decision on an unreasonable determination of the facts in light of the evidence presented at trial. The post-conviction court meticulously examined the record evidence with the *Strickland* requirements in mind and made a well-reasoned, well-supported decision. Thus, Grounds Two and Three should also be denied.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition

for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH**

**PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **25th** day of May, 2005.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.